IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JACKSON, | No. 2:11-CV-3167-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| J. WALKER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Pending before the court is plaintiff's motion for leave to file an amended complaint (Doc. 15). Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of right at any time before being served with a responsive pleading. A review of the docket reflects that no responsive pleading has been served. Therefore, plaintiff's motion is denied as unnecessary.

As to a proposed amended complaint, it appears that plaintiff included his allegations with his motion to amend. In other words, instead of filing two documents – one a motion to amend and a second being the proposed amended complaint – plaintiff filed one

1

documents which he submits as both the motion to amend and the amended pleading itself. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim. In this case, plaintiff's amended complaint consists of 221 pages of factual allegations and attached documents referenced in the allegations. This pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly. To the contrary, plaintiff's complaint would require the court to comb through hundreds of pages of documents in order to determine whether plaintiff has stated any claims upon which relief can be granted. The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims in a way that satisfies the rules. Therefore, to the extent plaintiff's motion for leave to amend can be considered his amended complaint filed as of right, such amended complaint is dismissed for failure to comply with Rule 8. Plaintiff will be directed to file a second amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (Doc. 15) is denied as unnecessary;

2. The Clerk of the Court is directed to designate on the docket that plaintiff motion at Doc. 15 is also a amended complaint.

3. Plaintiff's amended complaint is dismissed with leave to amend for failure to comply with Rule 8; and

4. Plaintiff shall file a second amended complaint within 30 days of the date of this order.

DATED: June 18, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE