# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JACKSON,                        No. 2:11-CV-3167-GEB-CMK-P

    Plaintiff,

  vs.                                                                  <u>ORDER</u>

J. WALKER, et al.,

    Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for reassignment of this matter to a different Magistrate Judge (Docs. 18 and 20).

        According to plaintiff, the undersigned demonstrates a "pro law enforcement, California Department of Corrections & Rehabilitation, and anti prisoner" bias. Plaintiff reaches this conclusion based on plaintiff having participated in a settlement conference in another case in which the undersigned was the settlement judge. According to plaintiff, the undersigned told him in the context of that settlement conference that "the jury wouldn't award me anything for a 'tummy ache'" and that he had filed the lawsuit just to get time out of the prison. According to plaintiff, this was demeaning.

Plaintiff's motions are governed by 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting § 144. See U.S. v. Azhocar, 581 F.2d 735, 738 (1976). As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency. See Berger, 255 U.S. at 233. To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See Azhocar, 581 F.2d at 740-41. Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice. See Berger, 255 U.S. at 34.

In this case, the court finds that plaintiff has not presented legally sufficient motions to disqualify. Specifically, he has not demonstrated that the alleged bias stems from an extrajudicial source. To the contrary, the statements attributed to the undersigned occurred, if at all, in the context of a judicially-supervised settlement conference. Moreover, the undersigned's candid comments offered during a settlement conference do not demonstrate anything more than just that – a candid assessment of plaintiff's case with settlement in mind. The very nature of a settlement conference requires attempting to bring the parties to the middle, and oftentimes this involves being candid with the parties about their chances at trial. To the extent the undersigned made the statements attributed to him here, they were made with the goal of a fair settlement in mind and not for the purpose of demeaning plaintiff or his claims.

/ / /

/ / /

/ / /

/ / /

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to disqualify the
2 currently assigned Magistrate Judge (Doc. 18 and 20) are denied.

  DATED: February 5, 2013

                                            _____
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE