IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JACKSON, | No. 2:11-CV-3167-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| J. WALKER, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for preliminary injunctive relief (Docs. 13, 19, and 21).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

Here, plaintiff seeks an order requiring him to be transferred to the California Medical Facility to receive medical treatment for his knee. According to plaintiff, he first complained of knee problems in 2002. He was examined by a prison doctor and x-rays were obtained. Plaintiff was then sent to an outside orthopedic specialist in January 2003. The outside specialist recommended surgery to remove "loose bodies" and a meniscus tear. Plaintiff claims that, between November 2003 and February 2005, defendants did nothing to act on the doctor's recommendation. While he states that he was seen by prison doctors seven times during this period, plaintiff claims that they "did not take requisite actions. . . ." Plaintiff was again seen by the outside specialist in February 2005. The specialist said surgery was required as soon as possible. Again, plaintiff claims that, despite the doctor's recommendation, defendants did nothing. Plaintiff states that he was seen once again by an outside specialist in April 2008, and that the specialist again recommended surgery. According to plaintiff, defendants continue to fail to act. In April 2012, plaintiff met with prison officials concerning an inmate grievance plaintiff had filed. According to plaintiff, his requests for medical treatment were denied.

Based on this record, the court concludes that plaintiff cannot demonstrate the requisite likelihood of irreparable injury. To the contrary, plaintiff states that his knee problems can be repaired with appropriate surgery. To the extent plaintiff's injury derives from a delay in receiving medical treatment, plaintiff has not demonstrated that such delay is causing irreparable injury. According to plaintiff, he first complained of knee pain in 2002, surgery was recommended in 2003 and again in 2005, and defendants have allowed the surgery to occur. There is no indication that any delay is, in and of itself, causing plaintiff's injury.

/ / /

Moreover, the court cannot say that plaintiff has demonstrated a particular likelihood of success on the merits.[1] While he has clearly stated his factual allegations, it appears that the basis of plaintiff's claim may be a difference in medical opinion – he thought he should receive surgery; the prison doctors did not.  A difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Because plaintiff has not demonstrated a likelihood of irreparable injury or a likelihood of success on the merits, his motions for injunctive relief should be denied.

Based on the foregoing, the undersigned recommends that plaintiff's motions for injunctive relief (Docs. 13, 19, and 21) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 5, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] The court is in the process of screening the second amended complaint, which names 29 individual defendants, for legal sufficiency.