IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JACKSON, | No. 2:11-CV-3167-TLN-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| J. WALKER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's "Motion for Clarification" (Doc. 37); and (2) plaintiff's motion for the appointment of counsel (Doc. 39).

In his "Motion for Clarification," plaintiff seeks information regarding the court's procedures for consent to Magistrate Judge jurisdiction. Specifically, plaintiff inquires as to why this matter is still assigned to a Magistrate Judge despite his decline to consent to Magistrate Judge jurisdiction. Plaintiff is advised that, even though this matter has been assigned to a District Judge for purposes of entry of final judgment pursuant to plaintiff's election to decline Magistrate Judge jurisdiction, this matter nonetheless remains assigned to a Magistrate Judge pursuant to the court's local rules for purposes of deciding non-dispositive matters as well as making recommendations to the District Judge on dispositive matters.

1

1       Plaintiff seeks the appointment of counsel.  The United States Supreme Court has
2 ruled that district courts lack authority to require counsel to represent indigent prisoners in
3 § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain
4 exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to
5 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
6 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional
7 circumstances" requires an evaluation of both the likelihood of success on the merits and the
8 ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal
9 issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be
10 viewed together before reaching a decision.  See id.

11       In the present case, the court does not at this time find the required exceptional
12 circumstances.  First, the legal issues involved in this case are not complex.  Second, plaintiff has
13 demonstrated an ability to articulate this claims on his own.  Finally, at this stage of the
14 proceedings, the court cannot say that plaintiff is likely to succeed on the merits of his claims.
15 Plaintiff's motion will be denied without prejudice to renewal, at the earliest, upon appearance of
16 defendants in the action.

17       Accordingly, IT IS HEREBY ORDERED that:

18       1.  The Clerk of the Court is directed to terminate plaintiff's "Motion for
19 Clarification" (Doc. 37) as a pending motion; and

20       2.  Plaintiff's motion for the appointment of counsel (Doc. 39) is denied
21 without prejudice.

DATED:  February 29, 2016

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE