IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JACKSON, | No. 2:11-CV-3167-TLN-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| J. WALKER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief (Doc. 40).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In this case, plaintiff states:

> To the Honorable District Judge T.L. Nunley, on 9-9-15, I was entering the law library on C-Facility, of C.S.P.–Sacramento with my legal work in hand, including a copy of my Amended Complaint in this lawsuit. I was ordered to the holding cages in the C-Fac. Sallyport and my legal work taken.
> I was ordered to strip search and my legal work was examined. Correctional Officers that are Defendants in that suit was present and when they seen their names, they became very hostile, aggressive, and threatening. Making statements like "Your legal books, and all your legal papers are going in the trash," "We tired of your 602's, lawsuits, and complaining."
> I was sent to Administrative Segregation Unit on issues unrelated to my legal work and there is no legitimate reason for them (C.O.'s) to throw away my legal work, including all my material evidence in this case, and my books (legal), other than to stop me from bringing this lawsuit to justice.

Plaintiff has not demonstrated any irreparable harm that is likely to occur in the absence of intervention by the court.

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (Doc. 40) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.

See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 29, 2016

```
                                    _____
                                    CRAIG M. KELLISON
                                    UNITED STATES MAGISTRATE JUDGE
```

3